## DRAPER *vs.* The Inhabitants of ORONO.

Where the Selectmen of a town, on the application, and *for the benefit* of cer-
tain bridge proprietors, laid out a private way — assessed damages to an indi-
vidual over whose land it was laid — and took a bond of said proprietors con-
ditioned for the payment of said damages, and for the making of said road —
and said road was afterwards accepted by the town, at a regular meeting
thereof — it was held, that these proceedings gave the individual injured, no
right of action against the town to recover the amount of his damages.

Nor, is such right of action given by statutes *ch.* 118, and 399.

THIS was an action of debt brought to recover $100, it being
the sum allowed the plaintiff by the Selectmen of *Orono*, as the
amount of damages for the location of a town or private way
over his land.    Plea, the general issue.

The plaintiff, to support his action, introduced the records of
the town of *Orono*, from which it appeared, that, on application
of the President of the *Oldtown Bridge Corporation*, the Se-
lectmen of *Orono* proceeded to lay out a road over the land of
the plaintiff, after due notice, and awarded the sum demanded in
this action, " to be paid by the *Oldtown Bridge Corporation*."

It further appeared that a meeting of said inhabitants was duly
called and held under a warrant containing the following article,
*viz. :* " To see if said town will accept a road laid out by the
" Selectmen, leading from the main travelled road to the bridge,
" about to be located by the *Oldtown Bridge Corporation*, across
" the *Penobscot* river near the dwellinghouse of *James Draper*,
" in said *Orono*, as surveyed and returned under the direction
" of said Selectmen by *Joseph Treat, Esq.* — for the making
" and keeping in repair of which, and the payment of all dam-
" ages to any person, by him sustained, by reason of the laying
" out of which said Corporation have lodged a bond with us."

Under this article the town voted, " to accept the road laid
out," &c. — " to be accepted agreeable to the conditions of the
bond filed with the Selectmen."

The plaintiff then introduced the bond referred to in said note,
which was in the penal sum of two hundred dollars, conditioned
that, " if upon the acceptance of said highway by said town, the
said Corporation shall make and keep the same in good repair,

and shall well and truly pay all damages which any owner or owners of the land over which said road passes may legally recover, and save the said town harmless by reason of laying out the road aforesaid in any respect, then this obligation to be void, otherwise to remain in full force and virtue."

Upon this evidence *Whitman C. J.* in the Court Common Pleas, ordered a nonsuit, and the case was brought up to this Court on exceptions.

*Rogers,* for the plaintiff, referred to statute *ch.* 118, *sec.* 9, which provides, " that the Selectmen of the several towns in this State, are authorised and empowered, to lay out town or private ways for the use of such town only, or for one or more individuals thereof, or proprietors therein." " And if any person or persons, who are owners of the land through which such way shall be laid out, be injured thereby, he or they shall receive such recompense as the party injured and the Selectmen shall agree upon, to be paid by the town or person or persons for whose use the said way is laid out." Also to statute *ch.* 399, *sec.* 6, which provides as follows : " That, in all cases where the damages for the laying out of any town or private way have been finally determined and ascertained, the person or persons entitled to such damages may recover the same as well as all costs for him or them taxed in making inquiry thereof, in an action of debt. Provided, demand for the payment of the same has been made on the treasurer of any town, liable to pay the same, thirty days at least before the suit is brought." And contended, that, by virtue of these provisions, and the proceedings of the town, the action was rightly brought against the defendants instead of the bridge corporation. It was the design of the statute that the person injured should look to the town, and that the latter might indemnify itself by taking a bond or otherwise. The statute never intended to give towns authority to take the property of individuals and turn them over for redress to third persons who may be wholly irresponsible. Hence, in the statute last cited it is said, that in *all* cases where the damages have been ascertained, &c. there should be a demand on the town treasurer before suit brought. Why should the demand be upon a town officer, unless the suit is to be against the town ? And if the town is not to be

liable, why are the Selectmen to agree upon the damages? Why not let those agree who are to pay, if the town is not?

But if the statute be construed otherwise, still, it is competent for the town to *agree* to pay. And it is contended, that, the award of the Selectmen, and the taking of the bond from the bridge corporation amount to such an agreement.

Or the assessment of damages by the Selectmen may be considered as an offer, and the bringing of this action an acceptance of it. No precise words or form are necessary to constitute an agreement.

*Kent* and *Starrett*, for the defendants, contended that, the Selectmen had no authority to *assess* the damages. They might have *agreed* with the owner of the land — but in case of disagreement, application should have been made to the Court of Sessions. The town therefore is not bound. *Craige* v. *Mellen*, 6 *Mass.* 7.

If the proceedings of the town give any right of action to the plaintiff, it is against the bridge corporation — such are the terms of the award under which he pretends to claim. In no case of the location of a private way, can a town be held liable for the damages to individuals.

WESTON J. delivered the opinion of the Court.

The liability of the town of *Orono* to pay the damages, sought to be recovered in this action, if it exists, must be created by, and depend upon, statute. The way located, by which the damage was occasioned, is what the statute denominates a private way. This is conceded by the counsel for the plaintiff. It was laid out upon the application, and for the use, of the *Oldtown Bridge Corporation* proprietors in said town. The Selectmen are empowered by law, to lay out town or private ways, for the use of such town, or for one or more individuals thereof, or proprietors therein. If the owner or owners of the land, through which such way shall be laid out, be injured thereby, he or they shall receive such recompense, as the party injured and the Selectmen shall agree upon; to be paid by the town, or person or persons, for whose use the said way is laid out.

By the proceedings had in relation to the way in question, it

Draper *v.* The Inhabitants of Orono.

seems very clearly to have been laid out for the use, not of the town but of the corporation. Upon the latter therefore and not upon the former, the law imposes the liability to pay the damages. And this is indeed in express terms prescribed as a condition, both by the Selectmen in the location, and by the town in the acceptance, of the way. The whole case negatives the position that it was laid out for the use of the town ; and unless it was, they are not liable for the damages. The bond taken by the town from the bridge corporation, conditioned among other things, that they would pay these damages, does not create a legal obligation on the part of the town to pay them in the first instance. There is no stipulation to this effect ; and no such legal liability arises, or is implied, from these transactions. The bond contained other conditions on the part of the corporation ; to make the road and keep it in repair; and thus to fulfil duties, which would otherwise legally fall upon the town. That by which they undertook to pay all damages, which any owner or owners of the land, over which the road passes, may legally recover ; and save the town harmless by reason of the laying out of the road in every respect, may be regarded as inserted for greater caution. It provided for such damages, as the owner might legally recover ; but it could not have the effect to extend or enlarge his remedy.

It is contended that the town ought to be held answerable, otherwise the party injured might be turned over to an irresponsible individual. The answer to this is, that whether the one or the other is to be held liable, depends by law upon the question, for whose use the way is laid out, and not upon the ability or sufficiency of the one or the other to make good the damages. Besides, there is little reason to believe, that either the Selectmen or the town would subject one party to loss for the accommodation of another, not able to pay a just equivalent. It would be an abuse of power, not to be presumed.

The statute of 1828, requiring a demand of payment in these cases by the party injured, of the Treasurer of any town liable to pay the same, thirty days at least before a suit can be brought, can by no just construction be regarded as extending the liability

of towns; nor is it inconsistent with the obvious meaning and express provisions of the former law.

*Exceptions overruled.*